IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NPS LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>SIGNATURE SPORTS MARKETING LLC,<br><br>           Defendant. | Civil Action No. _____ |

**COMPLAINT AND APPLICATION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**

NPS LLC ("NPS"), for its Complaint and Application to Confirm Arbitration Award and Enter Judgment against Signature Sports Marketing LLC ("Signature Sports"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. NPS is a Delaware limited liability company with a principal place of business in Foxborough, Massachusetts. All members of NPS are citizens of Massachusetts and Delaware. No members of NPS are citizens of Texas.

2. Signature Sports is a Texas limited liability company with a principal place of business in Allen, Texas (Collin County). On information and belief, all members of Signature Sports are citizens of the state of Texas, making Signature Sports a citizen of the state of Texas. On information and belief, none of the members of Signature Sports are citizens of Massachusetts. Signature Sports may be served with process by serving its manager and registered agent, Preston Fatla, at 8 Prestige Circle, #112, Allen, Texas, or such other place as he may be found.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this is an action between citizens of different states and the amount in controversy exceeds $75,000

exclusive of interests and costs. As diversity jurisdiction exists, this Court has jurisdiction to confirm the arbitration award under Section 9 of the Federal Arbitration Act. 9 U.S.C. § 9; *see also Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1), as Signature Sports resides in this district.

## FACTS

5. On September 1, 2022, NPS, acting for itself and on behalf of New England Patriots LLC, entered into a Marketing Agreement (the "Marketing Agreement") with Signature Sports.

6. Under the Marketing Agreement, the parties agreed to an arbitration provision, which states in pertinent part:

> Any dispute, claim or controversy arising out of or relating to this Agreement, including whether the claims asserted are arbitrable, shall be referred to and finally determined by arbitration under the Commercial Arbitration Rules of the American Arbitration Association. . . Except as otherwise specifically limited in this Agreement, the arbitral tribunal shall have the power to grant any remedy or relief that it deems appropriate, . . . and any such measures ordered by the arbitral tribunal shall, to the extent permitted by applicable law, be deemed to be a final award on the subject of the measures and shall be enforceable as such. . . .

7. On May 5, 2023, NPS initiated an arbitration before the American Arbitration Association against Signature Sports to recover amounts due under the Marketing Agreement in Case Number 01-23-0002-0454, *NPS LLC v. Signature Sports Marketing LLC* (the "Arbitration").

8. On November 7, 2023, the arbitrator in the Arbitration issued an award (the "Award") in NPS's favor in the amount of $150,000, plus interest at a per diem rate of $44.32 for each day since September 9, 2022, and that Signature Sports reimburse NPS $3,062.50 for its portion of administrative fees due to the AAA. A true and correct copy of the Award is attached hereto and incorporated herein by reference as <u>Exhibit A</u>.

9. Signature Sports has failed to pay any amounts due under the Award.

## COUNT ONE
### (Confirmation of the Arbitration Award)

10. Pursuant to the Federal Arbitration Act ("FAA"), a party may seek judicial confirmation of an arbitration award within one year of its issuance, and the Court must grant such an order unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. Such an action to confirm an arbitration award may be brought in any district court proper under the general venue statute. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 201 (2000). Venue is proper, as discussed above.

11. NPS has filed this action for confirmation within the one-year period established by the FAA.

12. The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11, and no grounds exist for vacatur, modification, or correction.

13. Upon petition or application of a party to an arbitration for an order confirming an arbitration award, a court must grant such an order unless grounds exist to vacate, modify, or correct its terms. 9 U.S.C. § 9. Judicial review of an arbitration award is exceedingly deferential. *Petrofac, Inc. v. DynMcDermott Petrol. Ops. Co.*, 687 F.3d 671, 674 (5th Cir. 2012). Unless one of the statutory grounds to vacate, modify, or correct is present, the Court must confirm the award. *See Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d 847, 850 (5th Cir. 1995). Accordingly, the Court should grant NPS' petition and enter judgment in accordance with the Award.

**WHEREFORE**, NPS respectfully requests that this Court:

(a) Issue an order pursuant to 9 U.S.C. § 9 confirming the Award issued by the AAA on November 7, 2023, attached hereto as <u>Exhibit B</u>;

(b) Enter judgment thereon pursuant to 9 U.S.C. § 13; and

    (c)    Award NPS such other and further relief as the Court deems just and proper.

Dated: February 14, 2024

Respectfully submitted,

**SEYFARTH SHAW LLP**

_____
Tricia W. Macaluso
Texas Bar No. 24013773
2323 Ross Ave., Suite 1660
Dallas, TX 75201
Telephone: (469) 608-6700
Facsimile: (214) 853-4289
Email: tmacaluso@seyfarth.com